UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

CHANTEL HAMPTON,                                          Case No.

                              Plaintiff,                 **COMPLAINT**

          -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,                         **Jury Demand**
POLICE OFFICER RAUL D. GABRIEL,
POLICE OFFICER THOMAS J. MARZOCCHI,
JOHN DOE #1-5,

                              Defendants.

-----------------------------------------------------x

   Plaintiff, Chantel Hampton ("Plaintiff" or "Hampton"), by her attorneys, the Law Offices of Rudy A. Dermesropian, LLC, for her complaint alleges as follows:

## PRELIMINARY STATEMENT

   1.  This is a civil rights action in which Plaintiff seeks relief for the violation of her rights, privileges and immunities guaranteed by 42 U.S.C. § 1983, § 1988, the Fourth and Fourteenth Amendments of the United States Constitution; damages for deprivations by Defendants of Plaintiff's rights, privileges and immunities guaranteed by Article 1, Sections 6, 11 and 12 of the New York State Constitution; and damages based upon common law claims in tort.

   2.  The claims arise from a February 18, 2020 incident in which uniformed Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to, inter alia, false arrest and false imprisonment.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.      This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

## VENUE

7.      Venue is laid within the United States District Court for the Eastern District of New York in that Defendants City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

8.      Plaintiff Hampton is a Black woman and a legal resident of the United States and at all times relevant hereto resided in Queens County, City and State of New York.

9.      Defendant the City of New York ("NYC" or "the City") is a municipal corporation organized under the laws of the State of New York.

10.     At all times relevant hereto, Defendant NYC, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel.

2

11.     In addition, at all relevant times hereto, Defendant NYC was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12.     Officer Raul D. Gabriel ("Officer Gabriel") was, at all times relevant hereto, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City.

13.     Upon information and belief, at all times relevant hereto, Officer Gabriel was Plaintiff's "arresting officer" and was under the command of the 113th Precinct of the NYPD.

14.     Upon information and belief, Officer Gabriel's badge number is 24097.

15.     Defendant Officer Gabriel is sued in his official and individual capacities.

16.     Officer Thomas J. Marzocchi ("Officer Marzocchi") was, at all times relevant hereto, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City.

17.     Upon information and belief, at all times relevant hereto, Officer Marzocchi was Plaintiff's "arresting officer" and was under the command of the 113th Precinct of the NYPD.

18.     Defendant Officer Marzocchi is sued in his official and individual capacities.

19.     All other individual Defendants ("the officers"), including John Doe #1-5, individuals whose names are currently unknown to Plaintiff, are employees of the NYPD, are sued in their official and individual capacities.

20.     At all times relevant hereto, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City and State of New York.

## NOTICE OF CLAIM

21.     Within 90 days of the incident, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notice of Claim, and this matter has not been settled, resolved or otherwise disposed of.

## FACTUAL ALLEGATIONS

22.     Plaintiff is the sole owner of the property located at 176-16 Sayres Avenue, Jamaica, NY 11433 (the "Property").

23.     Prior to the passing of Plaintiff's mother, Plaintiff allowed her two brothers to reside on the basement lower level of the Property in exchange of paying rent.

24.     The basement where the two brother are staying is equipped with all the necessary amenities and has a separate entrance from the remainder of the Property.

25.     After Plaintiff's mother passed, Plaintiff's two brother refused to vacate the premises.

26.     In addition, Plaintiff's two brothers have not paid any rent for almost three years and there is a pending landlord-tenant eviction proceeding against them.

27.     Furthermore, Plaintiff has a restraining order against one of her brothers, and neither one of them is allowed to access Plaintiff's living area on the Property.

28.     On February 18, 2020, Plaintiff's brothers attempted to enter her living area on the Property despite not being allowed to do so and in violation of the restraining order that Plaintiff had against her brother.

29.     However, on that same day of February 18, 2020, one of Plaintiff's brothers contacted the police complaining that Plaintiff was not allowing them to access her floor on the Property.

4

30.     Officer Gabriel and Officer Marzocchi arrived at the Property on February 18, 2020 at or about 1:15 a.m. and rang Plaintiff's doorbell.

31.     Since the officers rang the door in the middle of the night, Plaintiff answered the door wearing nothing other than her pajamas and a robe.

32.     Officers Gabriel and Marzocchi demanded that Plaintiff open the door and allow her brothers to access her floor on the Property.

33.     However, Plaintiff clearly and calmly explained to the officers that her brothers are not allowed on her floor because she has an order of protection against one them and they are currently involved in a landlord-tenant action in court.

34.     Officers Gabriel and Marzocchi ignored the information that Plaintiff had provided and continued to pressure her to allow the brothers access onto her floor or be arrested.

35.     Astonishingly, both officers then grabbed and pulled Plaintiff out of her house with nothing on her feet and Officer Gabriel forcibly handcuffed Plaintiff putting her under arrest. Officer Gabriel also entered Plaintiff's Property without permission or consent, and without a warrant or probable cause, after putting her in handcuffs.

36.     While forcibly and unlawfully restraining Plaintiff, Officer Gabriel aggressively twisted her arm and shoulder causing painful injuries.

37.     Officer Marzocchi did not intervene to stop this unlawful arrest or mitigate the situation.

38.     The entire interaction between Plaintiff and Officers Gabriel and Marzocchi was recorded on Plaintiff's surveillance camera as well as the officers' body cameras.

39.     Plaintiff was then forcibly and against her will, taken to the 113th Precinct while still in her pajamas, bath robe, house slippers and without any underwear.

5

40.     Plaintiff arrived to the 113th Precinct at or about 1:45 a.m.

41.     Members of Plaintiff's family brought her appropriate clothing, underwear, shoes and a jacket to the Precinct. Plaintiff was only allowed to put a bra on, and nothing else.

42.     Plaintiff was then transferred to Central Booking at or about 4:00 a.m., and remained in Central Booking until approximately 11:00 p.m. on February 18, 2020.

43.     As a result of Defendants' unlawful actions, this false arrest and false imprisonment, Plaintiff was unable to report to work on the day of her arrest.

44.     At no time during this entire 22-hour nightmare did either Officer Gabriel, Officer Marzocchi, or anyone from the NYPD, read Plaintiff her Miranda Rights, nor was she provided any medical attention or care to treat the injuries she sustained because of the false arrest.

45.     Realizing the egregious, blatantly and intentionally unlawful actions of the Defendants, especially that of the officers who unlawfully arrested, injured and imprisoned Plaintiff, the Queens County District Attorney refused to prosecute this action and dismissed this case on February 18, 2020, even prior to Criminal Court arraignment.

46.     As a proximate cause of Defendants' illegal actions, all of which were in violations of Plaintiff's rights under federal and state law, Plaintiff suffered personal injuries, loss of wages, severe pain, suffering, and emotional distress.

47.     At all times during the events described above, the Defendants were engaged in a joint venture and formed an agreement to violate Plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

48.     During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

49.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a.  Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

b.  Violation of her right to Due Process of Law under the Fourteenth Amendments of the United States Constitution;

c.  Violation of her New York State Constitutional rights under Article 1, Section 11 to equal protection under the law and to be free from discrimination;

d.  Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e.  Violation of her New York State Constitutional rights under Article 1, Section 6 to due process;

f.  Physical pain and suffering;

g.  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

h.  Loss of liberty.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of 42 USC § 1983)

50.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

51.     Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

52.     Defendants' conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. Defendants' conduct also deprived Plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

53.     Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

54.     Plaintiff has been damaged as a result of Defendants' wrongful and illegal acts and omissions.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of the Fourth Amendment)

55.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

56.     The policies and conduct of the Defendants violated her right to be free of unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution.

57.     As a direct and proximate result of the unlawful policies and acts of the Defendants described herein, the Plaintiff has incurred economic damages including a loss of gainful employment and damage to her reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

58.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.

59.     Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of the Fourth Amendment)

60.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

61.     The policies and intentional conduct of the Defendants in furtherance of a political vendetta deprived the Plaintiff of her right to equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

62.     As a direct and proximate result of the unlawful policies and acts of the Defendants described herein, the Plaintiff has incurred economic damages including a loss of gainful employment and damage to her reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

63.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.

64.     Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Municipal and Supervisory Liability)

65.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

66.     The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

67.     The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings, suppressing evidence and finding officers incredible as a matter of law, that a high number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

68.     The City is aware of numerous and repeated violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights, without fear of reprisal.

69.     Plaintiff has been damaged as a result of the deliberate indifference of the City of the constitutional rights of the City's inhabitants.

70.     The City is liable for the damages suffered by Plaintiff as a result of the conduct of its employees, agents, and servants, in that, after learning of its employees' violation of Plaintiff's constitutional rights, it failed to remedy the wrong; it created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and it has been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Conspiracy)**

71.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

72.     Defendants agreed to violate the Plaintiff's rights in the manner described above, leading to her false and unlawful arrest based on false and fabricated charges, and her unlawful and illegal imprisonment.

73.     Plaintiff was injured as a result of Defendants' conspiracy.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(New York State Constitutional Tort)**

74.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

75.     The policies and conduct of the Defendants deprived the Plaintiff of her right to due process in violation of Article I Section 6 of the New York State Constitution.

76.     As a direct and proximate result of the unlawful policies and intentional acts of the Defendants in furtherance of personal or political vendettas described herein, the Plaintiff has

incurred economic damages including a loss of gainful employment and damage to her reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be determined at trial, plus reasonable attorneys' fees, costs and disbursements.

77.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.

78.     Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**(New York State Constitutional Tort)**

79.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

80.     The policies and conduct of the Defendants deprived the Plaintiff of her right to equal protection of the laws in violation of Article I Section 11 of the New York State Constitution.

81.     As a direct and proximate result of the unlawful policies and intentional acts of the Defendants in furtherance of personal or political vendettas described herein, the Plaintiff has incurred economic damages including a loss of gainful employment and damage to her reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be determined at trial, plus reasonable attorneys' fees, costs and disbursements.

82.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.

83.     Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (New York State Constitutional Tort)

84.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

85.     The policies and conduct of the Defendants violated her right to be free of unreasonable searches and seizures in violation of Article I Section 12 of the New York State Constitution.

86.     As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the Plaintiff has incurred economic damages including a loss of gainful employment and damage to her reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

87.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.

88.     Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Common Law Battery)

89.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

90.     The conduct of the Defendants Officers Gabriel and Marzocchi was without Plaintiff's consent and constituted common law battery by the use of excessive force on the Plaintiff.

91.     As a direct and proximate result of the unlawful acts of the Defendants Officers Gabriel and Marzocchi described herein, the Plaintiff has incurred economic damages including a loss of gainful employment and damage to her reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

92.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.

93.     Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Malicious Prosecution)

94.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

95.     The conduct of the Defendants Officers Gabriel and Marzocchi constituted malicious prosecution because it was carried out in pursuit of a personal vendetta and without any basis in law or fact and without sufficient factual information.

96.     As a direct and proximate result of the unlawful acts of the Defendants described herein, the Plaintiff has incurred economic damages including a loss of gainful employment and damage to her reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

97.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.

98.     Accordingly, Plaintiff is entitled to an award of punitive damages.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

99.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

100.    As a direct and proximate result of the intentional acts of the Defendants described herein, carried out in pursuit of a personal vendetta and without sufficient factual information, Plaintiff suffered economic damages including a loss of gainful employment and was caused to physical and psychiatric illness and continues to suffer from severe and disabling shock, distress, anxiety, fear, humiliation, anguish, sorrow, depression and loss of enjoyment of life.

101.    The aforesaid physical and psychological injuries sustained by Plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of the Defendants as described herein.

102.    The Defendants acted maliciously and with specific intent to oppress and harm Plaintiff and/or with reckless disregard of the consequences of their actions, and as a result Plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**(Negligent Hiring and Retention)**

103.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

104.    Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the loss of liberty and mental abuse sustained by Plaintiff.

105.    Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to Plaintiff or those in a position similar to Plaintiff's as a result of this conduct.

106.    Upon information and belief, Defendants Officers Gabriel and Marzocchi were incompetent and unfit for their positions.

107.    Upon information and belief, Defendant City knew or should have known through exercise of reasonable diligence that the officers Defendants were potentially dangerous and had previously falsely arrested civilians without probable cause.

108.    Defendant City's negligence in hiring and retaining the officer Defendants proximately caused Plaintiff's injuries.

109.    Because of the Defendant City's negligent hiring and retention of Defendant officers, Plaintiff incurred the damages described above.

### AS AND FOR A THIRTEENTH CAUSE OF ACTON
**(Respondeat Superior)**

110.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

111.    Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant NYC and in furtherance of the Defendant NYC's interest.

112.    As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant NYC and NYPD, Plaintiff was damaged.

### TRIAL BY JURY DEMANDED

Plaintiff hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chantel Hampton respectfully requests that this Court enter

Judgment:

- Permanently enjoining Defendants from enforcing their customs, policies, patterns and practices as described herein that violate constitutional rights;

- In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

- Awarding the full amount of compensatory damages as Plaintiff may prove at trial against all Defendants jointly and severally;

- Awarding the full amount of punitive damages as the jury determines to be appropriate;

- Awarding reasonable attorneys' fees, costs and disbursements; and

- Granting such other and further relief as to the Court seems just and proper.

Dated: New York, New York
       February 19, 2021

Yours, etc.

**LAW OFFICES OF
RUDY A. DERMESROPIAN, LLC**

By:  _/s/ Rudy A. Dermesropian_____
       Rudy A. Dermesropian
       810 Seventh Avenue, Suite 405
       New York, NY 10019
       (646) 586-9030